NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANITA DANIELS, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL HEALTH MEDICAL CENTER, *et al.*, <br><br> Defendants. | Civil Action No. 23-23425 (MAS) (JBD) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Shanita Daniels's ("Plaintiff") Complaint (ECF No. 1) and application to proceed *in forma pauperis* ("IFP") (ECF No. 1-2). For the reasons stated herein, the Court will grant Plaintiff's application to proceed IFP, but will dismiss Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction.

**I.      BACKGROUND**

Plaintiff's proposed Complaint[1] asserts claims against "Capital Health Medical Center – Hopewell" and "Capital Health Primary Care – Bellrue" (collectively "Defendants"). (Compl. *2.[2]) The Complaint appears to stem from two separate incidents. First, Plaintiff alleges that she was discriminated against as a former patient of a Capital Health OB-GYN office located in

---

[1] While the factual narrative annexed to the Complaint is not entirely clear, the Court will attempt to construe the allegations in a light most favorable to Plaintiff. (*See* Compl. *6[1], ECF No. 1.) *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that pro se pleadings should be construed liberally).

[2] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

Trenton, New Jersey. (*Id.* at *6.) Specifically, she alleges that she was subject to backlash, racial slurs, and pressure during her prenatal visits in relation to "her delayed entry into prenatal care," which began in February 2023 and persisted through May 2023. (*Id.*) Second, Plaintiff claims that she suffered "substantial injuries" as a result of medical malpractice and discrimination during the delivery of her child at Capital Health Medical Center – Hopewell in July 2023. (*Id.* at *6-8.) The Complaint does not assert any concrete federal causes of action. (*See generally id.*) Plaintiff, however, checked the box in her Complaint for "Federal Questions" as the basis for this Court's jurisdiction. (*Id.* at *3.)

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure[3] 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Rule 8(a)(2) "requires [a complaint to contain] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

---

[3] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While pro se pleadings are to be liberally construed in conducting such an analysis, pro se litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**III.   DISCUSSION**

   **A.   IFP Application**

Under 28 U.S.C. § 1915(a), an application to proceed IFP must contain an affidavit that includes a complete list of the applicant's assets and establishes that the applicant is unable to pay the requisite fees. 28 U.S.C. § 1915(a); *Roy v. Penn Nat'l Ins. Co.*, No. 14-4277, 2014 WL 4104979, at *1, n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision to grant or deny an IFP application is based solely upon the economic eligibility of the applicant. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

In her IFP application, Plaintiff states that she generates a total monthly income of $2,604: $400 from self-employment, $1,231 from disability, and $973 in public assistance. (IFP Appl.

*1-2, ECF No. 1-2.) Plaintiff also indicates, however, that she has over $3,500 in monthly expenses and has three minor children. (*Id.* at *3-4.) Based on Plaintiff's sworn statements in her IFP, the Court finds that Plaintiff has established that she lacks the financial ability to pay the filing fee and thus qualifies to proceed IFP. The Court, accordingly, will grant Plaintiff's IFP application.

      **B.**      **Subject Matter Jurisdiction**

The Court has an independent obligation to satisfy itself of its subject matter jurisdiction, and the Court "always has jurisdiction to determine its [own] jurisdiction." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (*citing United States v. Ruiz*, 536 U.S. 622, 628 (2002)). "A federal court has subject matter jurisdiction over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)." *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) (*citing* 28 U.S.C. §§ 1331, 1332(a)).

In the Complaint, Plaintiff does not assert that this Court has subject matter jurisdiction under a theory of diversity of citizenship.[4] (*See generally* Compl.) Plaintiff also fails to indicate which of her constitutional, statutory, or other federal rights are at issue.[5] (*Id.*) To be sure, "[f]ederal question jurisdiction exists only if a federal question is presented on the face of the complaint." *Rockefeller*, 424 F. App'x at 83. The Court finds that Plaintiff's allegations of medical malpractice squarely concern a state law cause of action. (*See* Compl. *9 (noting that "this is [a] [t]ort law case of personal injuries" governed by civil negligence theories).) *See also Spositi v.*

---

[4] Plaintiff alleges that she resides in Mercer County, New Jersey, and both Defendants are domiciled in that same county. (Compl. *1-2.)

[5] As to her discrimination-based claims, Plaintiff does not identify whether she is pursuing such claims under state or federal law.

4

*Reycheck*, No. 16-2448, 2017 WL 6539231, at *3, n. 3 (D.N.J. Dec. 21, 2017) (explaining that the Court "typically lack[s] subject-matter jurisdiction to hear medical-malpractice claims against non-diverse defendants" absent some federal claim that provides for the exercise of supplemental jurisdiction).

IV.   **CONCLUSION**

Based on the foregoing, the Court grants Plaintiff's IFP application (ECF No. 1-2) but dismisses Plaintiff's Complaint (ECF No. 1) without prejudice. The Court will issue an order consistent with this Memorandum Opinion.

*[signature]*

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE