**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANITA DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL HEALTH MEDICAL CENTER, *et al.*,<br><br>Defendants. | Civil Action No. 23-23425 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

Plaintiff, who is proceeding pro se and *in forma pauperis* ("IFP"), brings this action alleging that Defendants "Capital Health Medical Center – Hopewell" and "Capital Health Primary Care – Bellrue" (collectively, "Capital Health") deprived her of her constitutional rights, violated federal and New Jersey law, and committed medical malpractice and related torts. (*See* Compl., ECF No. 1; Am. Compl., ECF No. 6.) On March 4, 2024, the Court reviewed and dismissed without prejudice Plaintiff's initial Complaint. (ECF Nos. 4, 5.) On March 25, 2024, Plaintiff timely filed an Amended Complaint, and the Court has reviewed it. (Am. Compl.) For the reasons set forth below, Plaintiff's Amended Complaint is dismissed.

**I.     BACKGROUND**

Plaintiff's Amended Complaint contains many of the same factual allegations that are stated in the initial Complaint. (*See generally id.*) In reviewing Plaintiff's initial Complaint, the Court recounted that:

> [t]he Complaint appears to stem from two separate incidents. First, Plaintiff alleges that she was discriminated against as a former

>patient of a Capital Health OB-GYN office located in Trenton, New Jersey. Specifically, she alleges that she was subject to backlash, racial slurs, and pressure during her prenatal visits in relation to "her delayed entry into prenatal care," which began in February 2023 and persisted through May 2023. Second, Plaintiff claims that she suffered "substantial injuries" as a result of medical malpractice and discrimination during the delivery of her child at Capital Health Medical Center – Hopewell in July 2023.

(*See* Mem. Op. 1-2, ECF No. 4.) The Court determined, however, that Plaintiff did not "assert any concrete federal causes of action" despite Plaintiff having "checked the box in her Complaint for 'Federal Questions' as the basis for this Court's jurisdiction." (*Id.* at 2.) The Court accordingly granted Plaintiff's application to proceed IFP but dismissed the Complaint without prejudice because Plaintiff's allegations of medical malpractice "squarely concern a state law cause of action." (*Id.* at 4-5; *see also* Order, ECF No. 5.)

In her Amended Complaint, Plaintiff clarifies that—in addition to Plaintiff's state tort and medical malpractice claims—she seeks to bring a federal cause of action under 42 U.S.C. § 1983 ("Section 1983") for alleged violations of her constitutional rights. (Am. Compl. *1-2[1].) The Amended Complaint alleges that on July 13, 2023, Plaintiff, who was 36-weeks pregnant at the time, admitted herself to Capital Health Medical Center suffering symptoms of a headache. (*Id.* at *6.) While committed, Plaintiff alleges that she was not attended to, was denied food, and was informed, without an explanation, that she would require a C-section despite opting for a natural birth. (*Id.* at *3.) Plaintiff asserts that the situation "escalated" and Plaintiff was "forcibly restrained, injected with an unknown drug against her will, and coerced into undergoing a C-section despite her objections." (*Id.*) Unidentified Capital Health employees allegedly informed Plaintiff that her "baby would die" if she did not comply with the C-section. (*Id.*)

---

[1] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

II.     **LEGAL STANDARD**

Section 1915 requires courts to screen an IFP complaint and dismiss the action before the complaint is served if the complaint fails to state a claim or is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013)). In screening complaints under § 1915, courts utilize the same standard that is applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *D'Agostino v. Comm'ns-Elecs. Command, Research Dev. & Eng'g Ctr.*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

A complaint is susceptible to dismissal if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed under Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). When a plaintiff is proceeding pro se, the Court construes the complaint's factual allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.").

III.    **DISCUSSION**

Plaintiff's Amended Complaint asserts a federal claim against Capital Health under 42 U.S.C. § 1983 for alleged constitutional deprivations of Plaintiff's rights, including "the right to equal and fair treatment, freedom of speech, and the right to bear children[.]" (*See* Am. Compl.

\*6.) Because Capital Health is a private health care system—not owned or operated by the state or federal government—Plaintiff's claim under Section 1983 must be dismissed.

### A. State Actor Doctrine

Section 1983 does not create substantive rights but instead "provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). "To state a claim under [Section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In other words, a plaintiff "must establish that she was deprived of a federal constitutional or statutory right by *a state actor*." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (emphasis added).

Whether a private defendant is acting under color of state law depends on "whether there is 'such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" *Id.* (citing *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted)). To answer that question, the Third Circuit has set forth three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Id.* (internal quotations and alteration omitted).

4

B.   **Dismissal of Plaintiff's Section 1983 Claim**

As stated, Plaintiff claims that Capital Health violated her constitutional rights and asserts that her federal cause of action is predicated on Section 1983. (*Id.* at *1.) Capital Health, however, is a private health care system, not a state actor.

Indeed, in analogous circumstances, courts have found that Capital Health "is a private health care system, not owned or operated by the state or federal government" and as such, cannot be held liable under Section 1983. *See Shukla v. Univ. of Pa. Health Sys.*, No. 20-5634, 2021 WL 254583, at *7 (E.D. Pa. Jan. 26, 2021) (finding a plaintiff's allegations against Capital Health were "insufficient to allege state action[.]"). The Third Circuit has similarly determined that a private volunteer health care provider is not a state actor for purposes of federal civil rights liability. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Notably, Plaintiff fails to offer any specific factual allegations as to why Capital Health is a state actor under the applicable three tests delineated above. Nor does this Court find that Plaintiff could substantiate facts that would give rise to an inference that Capital Health is a state actor.

It follows that Capital Health cannot be subject to liability under Section 1983 as a privately operated medical facility. The Court therefore dismisses the Section 1983 claim in the Amended Complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.   **Supplemental Jurisdiction**

The remaining claims in the Amended Complaint are brought under New Jersey state law for alleged negligence and medical malpractice. (Am. Compl. *1-2.) Because the Court dismisses Plaintiff's federal claim, it will also dismiss without prejudice any pendent state law claims. *See, e.g.*, 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental

jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

**D.     Leave to Amend**

When a complaint fails to present a prima facie case of liability, courts should generally grant leave to amend before dismissing a complaint with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). The Third Circuit has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).

Here, Plaintiff was granted an opportunity to amend her first Complaint by way of the Court's March 4, 2024 Order. (Ord. ¶ 3.) The Court also provided Plaintiff an opportunity to establish "which of her constitutional, statutory, or other federal rights are at issue." (Mem. Op. 4.) Having reviewed the Amended Complaint, Plaintiff clarifies that she intends to bring a claim under Section 1983, which, for the aforesaid reasons, cannot be brought against Capital Health and must be dismissed with prejudice. *Shukla*, 2021 WL 254583, at *11 (dismissing with prejudice claims against Capital Health alleged to arise under the United States Constitution or federal law). Although it appears that the defects in Plaintiff's Amended Complaint cannot be cured, out of an abundance of caution the Court will grant Plaintiff a final opportunity to amend.

6

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses this action for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will issue an order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**